[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband and defendant wife were married at Gales Ferry, Connecticut on March 31, 1973. Both of the parties have resided continuously in the state of Connecticut for at least one prior year to the commencement of this action. CT Page 762
One child was born to the wife during the course of the marriage, to wit: Kristina R. Emory, born September 4, 1976. The child is issue of the marriage.
The wife's birth name was Judith A. Diestel.
This is a marriage of approximately 19 1/2 years.
The marriage has broken down irretrievably, there is no prospect for any reconciliation, and a decree of dissolution may enter.
The husband testified that there were problems throughout the marriage. After the birth of their only child, she became very irritable. Differences in spending was also a source of many arguments. The husband confesses to being a fiscal conservative and says that his wife is a spendthrift. Further, she failed to maintain the home in a neat manner. As a result of these persistent problems, there was a very low affection level. The wife would refuse the husband's sexual advances for a long period of time.
The husband admits that he is now romantically involved with one Vonna Chapman. He, however, denies that she, in any way, contributed to the breakdown of the marriage.
The husband has been employed for the past 15 years as a mechanic for Northeast Utilities. He is 40 years of age and in good health. His present rate of compensation is approximately $57,000 per year. In addition, he occasionally works overtime.
In 1988, the husband began a business called AMSOL which is a motor oil distribution business which is home operated. The Court does not accept the wife's contention that the business has a value of $8,870. It is of the opinion that a more accurate value would be approximately $3,000.
The wife is 39 years of age and is in fairly good health. She testified, however, that she is a diabetic. She also believes that the marriage has been rather rocky since 1978. She attributes the early problems to the husband's CT Page 763 domineering nature. She further testified that in May 1991, her husband admitted his involvement with another woman. The husband's continued involvement with this woman finally forced the wife to leave the marital home with the minor child.
During the course of the marriage, the wife was primarily a homemaker and care provider for the child. She said that the husband never encouraged her nor suggested that she become income producing.
In 1987 and 1988, she worked in a gift shop and did substantial work for AMSOL. She presently works about 20 hours per week and earns $5.29 per hour or $111 per week. She is a high school graduate with apparently limited skills. Presented to the Court (Defendant's Exhibit B) is a list of firms and offices which the defendant has either directly or indirectly contacted for employment. The Court feels that she certainly is capable of working more than 20 hours per week. The present economic climate, however, appears to be adversely affecting any immediate job opportunities. At the juncture, the Court feels that she has the potential of earning $10,000 to $12,500 per year if she can find full time employment.
Having considered all of the evidence and taking under consideration the mandates of Connecticut General Statutes 46b-81, 46b-82 and 46b-84, the Court further orders as follows:
(1) Custody of the minor child is awarded to the wife with the husband having rights of reasonable visitation.
(2) The husband shall pay as support for the minor child the sum of $190 per week, which sum is in accordance with the child support guidelines. Payment of said sum shall be secured by an immediate wage garnishment.
(3) The husband shall maintain medical and dental insurance for the benefit of the minor child as available through his employment. All uninsured and unreimbursed medical and dental expenses shall be split equally between the husband and the wife. These orders are subject to the provisions of Connecticut General Statutes 46b-84 (c). CT Page 764
(4) The husband shall be entitled to claim the minor child as an exemption on his federal and state income tax returns for the tax year 1992 and all ensuing years.
(5) The husband shall pay as periodic alimony to the wife, the sum of $125 per week, alimony shall terminate upon the happening of the first of the following events:
a. death of either party
b. remarriage or cohabitation by wife
c. Twenty years from the date of this decree.
 In no event shall alimony be modified as to term. When the minor attains her majority, alimony shall be paid at the rate of $200 per week.
(6) The husband shall make available to the wife whatever medical and dental plan is presently available through COBRA. Should the wife wish to avail herself of said benefits, she shall pay one-half of said premium and the husband shall pay one-half.
(7) The martial premises located at 324 S. Burnham Highway, Lisbon, Connecticut, are by judicial decree conveyed to the husband. He shall be responsible for the payment of the mortgage, taxes, insurance, etc. and shall hold the wife harmless and indemnify her.
The husband shall pay to the wife, the sum of #32,500, which sum shall be paid as follows:
a. $10,000 within 60 days
b. $10,000 within 120 days
c. $12,500 within six months
(8) The husband shall transfer the Mercury Sable to the wife. The wife shall transfer to the husband the 1985 Ford Mustang.
(9) The husband shall retain all right, title and CT Page 765 interest in the motor oil distribution business.
(10) The husband shall be permitted to keep all of his right, title and interest in his 401K plan and in the TRASUP/PAYSUP retirement account.
(11) As a property distribution, the husband shall pay to the wife, the sum of $15,000 which shall be paid to her as follows:
a. $5,000 on or before January 1, 1994
b. $5,000 on or before January 1, 1995
c. $5,000 on or before January 1, 1996.
(12) Except as otherwise provided in this decree, each of the parties shall retain as their own the personal property presently in his or her possession.
(13) Each of the parties, except as otherwise provided in the decree, shall pay for his or her own liabilities.
Mihalakos, J.